UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM CURRY, JR.,

              Petitioner,

  v.

KEITH DEVOS,

              Respondent.

CASE NO. 3:23-cv-05865-RAJ-GJL

REPORT AND RECOMMENDATION

Noting Date: April 19, 2024

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner, William Curry, Jr., has filed a federal Petition pursuant to 28 U.S.C. § 2254, seeking habeas relief with claims that Washington's sexually violent predator statute is inappropriate as applied to him for various reasons. Upon review, the Court recommends the Petition be **DISMISSED without prejudice**.

//

//

REPORT AND RECOMMENDATION - 1

# I. BACKGROUND

A. <u>Basis for Custody, Relevant Facts, and Procedural History</u>

Petitioner has been convicted of four sexually violent offenses, as that term is defined pursuant to RCW 71.09. *See* Dkt. 12-2, Ex. 2. On January 20, 2009, the State filed a petition to have Petitioner civilly committed to the Special Commitment Center ("SCC") as a Sexually Violent Predator ("SVP") pursuant to RCW 71.09. Dkt. 12-3, Ex. 3. On February 27, 2009, the Superior Court of Pierce County ("trial court") entered a stipulated order affirming a finding of probable cause that Petitioner is an SVP within the meaning of RCW 71.09 and ordering Petitioner's detention at the Special Commitment Center ("SCC") pending a trial on Petitioner's civil commitment. *See* Dkt. 12-1, Ex. 1.

In March 2011, the trial court entered an order finding Petitioner in contempt of court for his refusal to participate in an evaluation with the State's mental health expert, as required by RCW 71.09.040(4). Dkt. 12-4, Ex. 4. The trial court also stayed the civil commitment proceedings until Petitioner purges his contempt by complying with the order to undergo evaluation. *Id*. Each year since entering this order on Petitioner's contempt, the trial court has conducted a review hearing to determine whether Petitioner is willing to purge his contempt. *See* Dkt. 12-5, Ex. 5. At the last review hearing held on April 23, 2023, Petitioner continued to refuse to purge his contempt. *See id*. at 2. Petitioner's next review hearing is scheduled for April 19, 2024. *Id*. Thus, Petitioner's case remains stayed, with no date set for a trial to determine whether Petitioner is an SVP. *See* Dkt. 12-4, Ex. 4.

B. <u>Previous Federal Habeas Proceedings</u>

In 2017, Petitioner filed a habeas Petition ("First Petition") with this Court. *See* Dkt. 12-6, Ex. 6, *Curry v. Van Hook*, No. 3:17-cv-05314-RBL-JRC (W.D. Wa.) ("*Curry-I*"). Petitioner

| | |
|---|---|
| 1 | claimed his confinement violated substantive due process because "neither of the 'mental |
| 2 | disorders' that he was diagnosed with . . . render him a sexually violent person." *Id*. at 6. He also |
| 3 | claimed the diagnosed disorders were not medically recognized or were over-inclusive. *Id*. In a |
| 4 | Report and Recommendation ("R&R"), the Court found Petitioner did "not explain how his |
| 5 | current pretrial restraint is unconstitutional or otherwise in violation of the laws of the United |
| 6 | States," and "has not presented any of his claims to the state courts for review." *Id*. at 4, 6. As a |
| 7 | result, the Court recommended the First Petition be dismissed without prejudice and instructed |
| 8 | Petitioner that he may refile a habeas petition after he has received a judgment and fully |
| 9 | exhausted his state court remedies. *Id*. at 5. The District Court adopted the R&R and dismissed |
| 10 | the First Petition without prejudice. Dkt. 12-8, Ex. 8. |
| 11 | C.    Previous State Habeas Proceedings |
| 12 | Following the dismissal of his federal First Petition, Petitioner filed a habeas petition in |
| 13 | state court in 2018. Dkt. 12-9, Ex. 9. In the state petition, Petitioner asserted the same claims |
| 14 | made in the 2017 federal petition—that the mental diagnoses applied to him were not medically |
| 15 | recognized or were over-inclusive. *Id*. at 4. In April 2020, the trial court dismissed the petition, |
| 16 | concluding that, (1) it was untimely in relation to the 2009 probable cause finding, and (2) the |
| 17 | petition "raises issues that have yet to be fully litigated in the underlying SVP proceeding." Dkt. |
| 18 | 12-10 at 2–3, Ex. 10. Petitioner appealed, and the Court of Appeals of the State of Washington |
| 19 | ("state court of appeals") affirmed the dismissal, issuing its mandate on May 5, 2023. Dkt. 12-11, |
| 20 | Ex. 11. |
| 21 | D.    Current Federal Habeas Proceedings |
| 22 | On September 21, 2023, Petitioner filed another habeas Petition raising at least 68 |
| 23 | grounds for relief. *See* Dkt. 1. On November 9, 2023, the Court screened the Petition pursuant to |
| 24 | |

the Rules Governing Section 2254 Cases and found it defective. Dkt. 6. The Court instructed Petitioner that, if he intends to pursue this habeas action, he must file an amended petition complying with Rule 2 of the Rules Governing Section 2254 Cases. *Id*. at 3. Petitioner filed an Amended Petition ("Second Petition") on December 6, 2023. Dkt. 8. On February 9, 2024, Respondent filed, and served on Petitioner, an Answer. Dkt. 12. Petitioner filed a Traverse on March 6, 2024. Dkt. 13. Thus, the Second Petition is ripe for consideration.

## II.     DISCUSSION

In the Answer, Respondent maintains that: (1) the Court should dismiss the habeas Petition as an unauthorized second or successive petition; and (2) Petitioner has not exhausted his available state remedies because he still has a right to a jury trial in his SVP case. Dkt. 12 at 3–4. The Court will discuss these arguments in turn.

A.    Second or Successive Petition

Respondent first contends the Second Petition is an unauthorized second or successive petition. Dkt. 12 at 3–4. The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). Dismissal of a first petition with prejudice because of a procedural default that forecloses review by federal courts is an

1  adjudication on the merits. *McNabb*, 576 F.3d at 1029. Similarly, dismissal of a first habeas

2  petition because it is untimely is a permanent bar to federal review of the underlying claims and

3  constitutes resolution on the merits. *Id*. at 1030. However, in contrast, the Ninth Circuit also has

4  held that a "prior petition that has been dismissed without prejudice for failure to exhaust state

5  remedies leaves open the possibility for future litigation and has not, therefore, been adjudicated

6  on the merits." *Id*. at 1029 (citing *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)).

7       Here, Petitioner filed his First Petition challenging the same pretrial detention with claims

8  related to the mental diagnoses used for the SVP finding that he challenges in the Second

9  Petition. The Court dismissed the First Petition without prejudice. *See Curry-I*, Dkt. 17, Order

10 Adopting R&R. Further, in the R&R, the Magistrate Judge expressly stated that because

11 Petitioner has not yet received a judgment and has not exhausted his state court remedies, the

12 Court "declines to address [P]etitioner's claims on the merits." *Curry-I*, Dkt. 16 at 3, R&R. The

13 Court also stated, "Petitioner may refile his petition after he has received a judgment and has

14 fully exhausted his state court remedies." *Id*. at 5.

15      As Petitioner's First Petition was not denied "on the merits," and instead was dismissed

16 without prejudice and with express language from the Court stating it was declining to address

17 the First Petition's claims on the merits, thus leaving open the possibility for future litigation, the

18 Court finds here that the Second Petition is not "second or successive." *See McNabb*, 576 F.3d at

19 1029.

20 B.     <u>Available State Remedies</u>

21      Respondent next contends Petitioner has not exhausted his available state remedies

22 because he "currently has a right to a jury trial in the SVP case, during which he could raise the

23 issues and arguments contained in his [Second] Petition." Dkt. 12 at 4. Upon review, the Court

24

REPORT AND RECOMMENDATION - 5

1  finds that, since Petitioner's SVP case remains pending in state court, the Second Petition
2  challenging those ongoing state court proceedings should be dismissed.

3  Petitioner's Second Petition presents a direct challenge to the lawfulness of Petitioner's
4  current confinement. However, the habeas Petition is premature since Petitioner's state court
5  civil commitment proceedings are ongoing. More specifically, the state courts have already
6  determined that, in state court, Petitioner "raises issues that have yet to be fully litigated in the
7  underlying SVP proceeding." Dkt. 12-10 at 2–3, Ex. 10. Respondent also points out that
8  Petitioner has not appealed the trial court's determination on probable cause or the order finding
9  him in contempt of court. *See* Dkt. 12 at 4; *see also* Dkt. 12-1, Ex. 1; Dkt. 12-4, Ex. 4. Generally,
10 the federal courts will not intervene in pending state court proceedings absent extraordinary
11 circumstances where the danger of irreparable harm is both great and immediate. *See Younger v.*
12 *Harris*, 401 U.S. 37 (1991). *See also Moore v. Sims*, 442 U.S. 415, 423 (1979) ("The *Younger*
13 doctrine . . . counsels federal-court abstention when there is a pending state proceeding.").
14 Nothing in the record before this Court suggests that there are extraordinary circumstances which
15 would justify this Court's intervention in Petitioner's ongoing state court civil commitment
16 proceedings. Petitioner's federal habeas Petition must therefore be dismissed.

### III.   EVIDENTIARY HEARING

18 The decision to hold an evidentiary hearing is committed to the Court's discretion.
19 *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a
20 hearing could enable an applicant to prove the petition's factual allegations, which, if true, would
21 entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is
22 available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the
23 state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the

allegations would not entitle Petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court in *Shinn* held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022).

In this case, Petitioner filed his Second Petition prior to receiving a judgment and without exhausting his available state court remedies. Because of this, the Court declines to address Petitioner's claims on the merits. Therefore, the Court concludes that an evidentiary hearing is not necessary to decide this case at this time.

### IV.    CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Pursuant to this standard, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

REPORT AND RECOMMENDATION - 7

## V.     CONCLUSION

Petitioner has not received a final judgment from his SVP trial. Therefore, the Second Petition is not yet ripe. Because of this, the Court recommends the Second Petition be **DISMISSED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 19, 2024, as noted in the caption.

Dated this 5th day of April, 2024.

Grady J. Leupold
United States Magistrate Judge